LINDSAY, Substituted for E. D. Rasmussen, Respondent, v.
KRUIDENIER et al, Appellants.

(208 N. W. 824.)

(File No. 5939.   Opinion filed May 18, 1926.)

1.   Guaranty—Under Agreement to Guarantee Payment of Another's
Personal Accounts Then Owing, Guarantor Cannot Be Held
for Indebtedness Accruing After Execution of Guaranty.

Under agreement to guarantee payment of another's personal
accounts then owing when made up, guarantor cannot be held
to pay amount owing on settlement of such other's partnership
affairs or on indebtedness accruing after execution of guaranty.

2.   Pleading—Unambiguous Contract to Guarantee Payment of Cer-
tain Accounts Should Be Construed in Accordance With Its
Terms Regardless of Promisor's Admission in Answer of
Greater Liability Than It Provided.

Unambiguous contract to guarantee payment of certain ac-
counts should be construed in accordance with its terms, regard-
less of promisor's admission of greater liability than it provided
in carelessly drawn answer, since such admission is not admis-
sion of fact, but of legal effect of contract.

Note.—See, Headnote (1), American Key-Numbered Digest, Guar-
anty, Key-No. 36 (2) 28 C. J. Sec. 95; (2) Pleading Key-No. 127 (2),
31 Cyc. 213.

Appeal from Circuit Court, Brown County; Hon. Robert D.
Gardner, Judge.

Action by H. O. Lindsay, substituted plaintiff for E. D. Ras-
mussen, against R. P. Kruidenier and another.   Judgment for
plaintiff, and defendant L. Kruidenier appeals.   Reversed and
remanded.

*McNulty, Williamson & Smith* and *Geo. W. Crane,* all of Ab-
erdeen, for Appellant.

*James M. Brown,* of Aberdeen, for Respondent.

BURCH, C.   This action arises out of transactions between
E. D. Rasmussen, R. P. Kruidenier, and L. Kruidenier.   H. O.
Lindsay, substitute plaintiff for Rasmussen, gains his rights
through an assignment of Rasmussen's claim, and need not be
further mentioned in this opinion since his rights must depend
on Rasmussen's.   Rasmussen and R. P. Kruidenier were partners
in a ranch business, and, although the complaint declares upon

several causes of action, the trial was chiefly an accounting of the partnership affairs, and the circuit court rendered judgment against both defendants for $8,995.46 with costs. L. Kruidenier alone appeals. Appellant is sought to be held upon the accounting by virtue of a written agreement entered into on the 25th of September, 1920. In that agreement appellant agrees to pay certain described notes, and then follows this provision:

"And the said second party also agrees to guarantee the payment of the accounts now owing by this said R. P. Kruidenier to the Rasmussen Drug Company, the Rasmussen-Dickerson Company, the North West Implement Company, and E. D. Rasmussen personally, such accounts to be made up at once, and the guaranty placed by second party on each account, the amounts of the same to be paid out of a sale of R. P. Kruidenier's personal property, said second party to release all mortgages he has on such property."

[1] The above provision is not a guaranty of the accounts mentioned, but is an agreement to guarantee them, by a written guaranty on the account when made up. The only account in dispute is the last named, namely, the E. D. Rasmussen personal account then owing. On this agreement respondent is attempting to hold appellant to a guaranty of any amount that may be found to be owing on a settlement of the partnership affairs. In taking the accounting many of the larger items accrued from transactions occurring after the execution of the guaranty, and therefore are not within the terms of the guaranty, as that purports to cover only accounts then owing. While the judgment against R. .P. Kruidenier properly covers a complete accounting between the partners, as against the guarantor, L. Kruidenier, the amount of the judgment should have been confined to the personal account of R. P. Kruidenier owing to Rasmussen on the date of the execution and delivery of the contract.

[2] We are not unmindful that the answer was carelessly drawn and contains admissions not warranted by the facts. It admits that appellant "agreed in writing to pay to said plaintiff whatever amount was found to be due upon an accounting of said partnership affairs." But there is no contention there was any other contract than the one in evidence. An admission of a greater liability than the contract provides, is not an admission of a

fact, but the legal effect of the contract. The contract fixed the rights of the parties. It is not ambiguous and should be construed in accordance with its terms.

The judgment appealed from is reversed and the cause remanded.

CAMPBELL, J., disqualified and not sitting.