LINDSAY, Substituted for E. D. Rasmussen, Respondent, v. KRUIDENIER et al, Appellants.

### (208 N. W. 824.)

(File No. 5939.  Opinion filed June 19, 1926.)

**Pleadings—Admissions—Construed in Harmony With Intention of Pleader.**

> Admission by defendant in answer as to obligations or liability by him guaranteed will be construed in harmony with evident intention of the pleader under the facts as they appear in the record.

Appeal from Circuit Court, Brown County; Hon. ROBERT D. GARDNER, Judge.

Action by H. O. Lindsay, substituted plaintiff for E. D. Rasmussen, against R. P. Kruidenier and another. Judgment for plaintiff, and defendant L. Kruidenier appeals. Petition for rehearing denied.

*McNulty, Williamson & Smith,* and *Geo. W. Crane,* all of Aberdeen, for Appellant.

*James M. Brown,* of Aberdeen, for Respondent.

BURCH, C. This cause is before us upon petition for rehearing. See 50 S. D. 184, 208 N. W. 824, for the opinion.

Upon consideration we believe the following paragraph of the opinion should be withdrawn:

"We are not unmindful that the answer was carelessly drawn and contains admissions not warranted by the facts. It admits that appellant 'agreed in writing to pay to said plaintiff whatever amount was found to be due upon an accounting of said partnership affairs.' But there is no contention there was any other contract than the one in evidence. An admission of a greater liability than the contract provides is not an admission of a fact, but of the legal effect of the contract. The contract fixed the rights of the parties. It is not ambiguous, and should be construed in accordance with its terms."

In lieu thereof we substitute the following:

We are not unmindful that the answer was carelessly drawn. It admits that appellant "agreed in writing to pay to said plaintiff whatever amount was found to be due upon an accounting of said partnership affairs." Under the facts as they appear it was evidently the intention of the pleader to admit the liability under the contract and the words "due upon an accounting of said partnership affairs" were intended to refer to an accounting as of the date of the contract when it was agreed that the account due E. D. Rasmussen personally should be made up and guaranteed. Under the evidence the account referred to as due E. D. Rasmussen personally included sums due E. D. Rasmussen personally from his partner R. P. Kruidenier under a settlement of the partnership affairs. The answer as so construed admits the liability shown

by the written contract.  The contract is not ambiguous and should be construed in accordance with its terms.  Therefore the court in taking the accounting should have ascertained the amount due at the time the contract was entered into, which was to have been made up into a statement of account and endorsed with a written guarantee by L. Kruidenier.  L Kruidenier was not liable upon the partnership accounting except insofar as he contracted to be liable as a guarantor, and the amount of the judgment against him should be limited to the amount he guaranteed in writing to pay.

The petition for rehearing is denied.  As so modified the former opinion is adhered to and the judgment is reversed and the case remanded.

CAMPBELL, J., disqualified and not sitting.